# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.   CASE NUMBER   22-1111

ANTHONY M. FRAPPAOLO

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, ANTHONY M. FRAPPAOLO, was represented by Assistant Federal Public Defender Emily Sherman.

On motion of the United States, the court has dismissed Disturbing An Archeological or Cultural Resource (9370821); Possession of a Metal Detector (9370822 and 9370823); and Possession of Controlled Substance - Marijuana (9370824).

The defendant pleaded guilty to Violating A Closure/Public Use Limit (Off-Trail Travel) on 9/29/2022. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Violation Number(s) |
|---|---|---|---|
| 36 CFR 1.5(f) | Violating A Closure/Public Use Limit (Off-Trail Travel) | March 20, 2022 | 9370820 |

As pronounced on September 29, 2022, the defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this  6th  day of October, 2022.

*Leda Dunn Wettre*
Leda Dunn Wettre

08757

Defendant: ANTHONY A. FRAPPAOLO  
Case Number: 22-1111

Judgment - Page 2 of 5

# PROBATION

You are hereby sentenced to probation for a term of 4 years.

While on probation, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposed restitution, you must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. You must pay the assessment imposed in accordance with 18 U.S.C. §3013. If this judgment imposed a fine, you must pay in accordance with the Schedule of Payment sheet of this judgment. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

**Once restitution is paid in full, Probation can be terminated.**

Defendant: ANTHONY M. FRAPPAOLO  
Case Number: 22-1111

Judgment - Page 3 of 5

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: ANTHONY M. FRAPPAOLO  
Case Number: 22-1111

Judgment - Page 4 of 5

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____  
                            Defendant                                          Date

_____  
U.S. Probation Officer/Designated Witness              Date

Judgment - Page 5 of 5

Defendant: ANTHONY M. FRAPPAOLO
Case Number: 22-1111

# RESTITUTION AND FORFEITURE

## RESTITUTION

The defendant shall make restitution in the amount of . Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to:

Department of Interior Restoration Fund
IBC Div of Financial Management
Mail Stop D-2770
7401 West Mansfield Avenue
Lakewood, Colorado 80235

MORR SURPA Frappaolo

The restitution is due immediately and shall be paid in monthly installments of no less than $100.00, to commence 30 days after the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.